UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YESENIA NIEVES,

                      Plaintiff,              Case No. 20-cv-03203 (LAP)

-against-

1070 SOUTHERN DRUG LLC (D/B/A BOCA
PHARMACY) and CATHERINE PARILLE,
*Individually*,

                      Defendants.
-----------------------------------------------------------X

## PROTOCOL REGARDING THE PRESERVATION AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")

**I.  General Provisions**

    **A.**    <u>Cooperation</u>

The Parties agree to conduct discovery in a cooperative manner. To further the application of the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C), requests for production of ESI should be reasonably targeted, clear and as specific as practicable. Counsel for the Parties agree to meet and confer, as soon as is practicable, regarding custodians to be searched and processes to be employed to produce ESI. In the event that the Parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or until the Parties reach an agreement.

    **B.**    <u>Preservation</u>

To the extent not already done, the Parties agree to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

**II.  Relevant ESI Sources**

If required during the course of discovery, the Parties may identify "ESI Sources" to which preservation and production will be limited. If required, the Parties may designate specific individuals likely to possess or control potentially relevant, non-cumulative evidence (the "Custodians"). Nothing herein shall be deemed to limit any Party's right to object to or limit discovery requests, including any requests for ESI.

Hard copy (paper) documents and electronic documents/files from accessible electronic storage media designated in the ESI Sources should be produced if they are responsive to a Party's discovery requests. In instances where documents exist both in hard copy (paper) and electronic format, the electronic files shall be produced.

## III. Standard for ESI Disclosures

### A. ESI Collection Processing, Culling and Review Methodology

In general, ESI processing, review and production will consist of (1) loading of ESI into a review platform selected by the producing Party; (2) attorney review for responsiveness and privilege of documents which are attributed to relevant custodians, which fall within the agreed date range, and which contain the key words; and (3) production of responsive non-privileged ESI.

Neither Party will have an obligation to review and/or produce e-mail which are not responsive to any discovery requests and/or which falls outside the preservation date range.

The Parties shall confer and attempt to reach agreement on the key words to be used for e-mail searching. In the event the search results become unduly burdensome for either Party and modifications are required, counsel will meet and confer an effort to agree upon modifications. If the Parties cannot agree on key words, either Party may seek relief from the Court.

### B. De-Duplication

The Parties will make their best efforts to de-duplicate documents to that just one unique document is produced, when possible.

### C. Production Format

The format for production shall be single page Tagged Image Format images files ("TIFF") branded with sequential Bates numbering that will include a prefix designating which Party produced the document along with a unique number assigned to each page of the document. The Bates number must appear on the face of the image in the lower right corner (e.g., ABC00001). There should be no gaps in the Bates numbers between productions. When the image file is produced, the producing Party shall preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, to the extent practicable.

### D. Metadata

Metadata can easily be altered unintentionally or inadvertently. Metadata can also be highly volatile and easily altered in the collection process. The Parties shall take reasonable steps to preserve metadata fields to the extent it is relevant, available, and has been maintained in the ordinary course of business. Should other metadata become relevant for production purposes, the Parties will meet and confer regarding the availability and production of specific data.

## IV. Documents Protected from Discovery

### A. Log of Protected Information Withheld from Production

If a file is redacted or withheld on the grounds of attorney-client privilege, work product or other privilege, it shall be listed on a Privilege Log along with the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii). Communications involving counsel that post-date the filing of the initial Complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### B. Non-Waiver of Protected Information

Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a Party to seek relief for the disclosure of information protected by privilege or work product protection, regardless of the steps taken to prevent disclosure. If a Party produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, either as to the specific information disclosed, any other information disclosed, or as to any other information relating thereto on the same or related subject matter. The Party receiving the privileged or protected information may not argue that the producing Party failed to take reasonable steps to prevent production of the privileged or protected materials. In such circumstances, the producing Party must promptly notify in writing the other Party to this action of the production and the basis of the privilege or other protection, and request in writing the return or confirmed destruction of the produced privileged or protected information.

Upon such notification, the Parties shall treat the information as privileged or protected unless and until the Parties agree otherwise or the Court determines the information is not privileged or protected. Within ten (10) business days of receiving such notification, all receiving Parties shall (a) return the information to the producing Party; or (b) confirm in writing to the producing Party the destruction of all such information, including all later created excerpts, summaries, complications, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected, or (c) notify the producing Party in writing of the basis for its disagreement that such information is privileged or protected from disclosure. In the latter event only, the receiving Party may retain the information asserted to be privileged for the sole purpose of responding to a motion by the producing Party to deem the information privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such information and all other documents or records that include, communicate, or reveal information claimed to be privileged or protected. No such inadvertently produced attorney-client privileged, or work product protected document or information may be used in evidence against the producing Party.

Should the Parties be unable to agree on whether the information is privileged or protected, the producing Party shall eb required to file a motion with the Court within ten (10) business days of its receipt of the receiving Party's notice of disagreement under (c) above, to deem the matter

privileged or protected and tot obtain the return of any copy of such matter still held by the receiving Party.

## V. Additional Issues

### A. Modifications to ESI Protocol

The Parties agree that any of the terms and requirements herein can be modified by agreement between the Parties reduced to writing. The Parties agree to meet and confer and to make a good faith effort to resolve any disputes regarding any proposed modification to this Protocol before seeking relief from the Court.

### B. Relief from Court

If the Parties are unable to agree, need further clarification on any issue relating to the preservation, collection, or production of electronically stored information, or require modification of this Order, any Party may seek appropriate relief from the Court.

Dated: New York, New York
April 8, 2021

PHILLIPS & ASSOCIATES, PLLC

By: _____
Steven J. Fingerhut, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
sfingerhut@tpglaws.com

*[signature]*
Robert Blanchfield
Blanchfield Law Firm
625 Bakers Bridge Ave
Suite 105-130
Franklin, TN 37067
TN BAR: 027654

SO ORDERED
*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

4/29/21